UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

                           Plaintiff,

- against -

JAMES WILSON,

                           Defendant.

------------------------------X

MEMORANDUM
AND
ORDER

04-CR-725(TCP)

PLATT, District Judge.

      Before the Court is *pro se* defendant James Wilson's motion, brought pursuant to 18 U.S.C § 3582(c)(2), to modify his imposed term of imprisonment. Defendant's motion is based on an amendment to the Sentencing Guidelines which became effective on November 1, 2011. That amendment further ameliorated the base offense levels for cocaine base ("crack cocaine") offenses. For the following reasons, defendant's motion is hereby **DENIED**.

## Background

*Facts*

      On February 22, 2005, defendant Wilson pled guilty to a single-count indictment charging defendant with distribution and possession with intention to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). PSR ¶ 1. At his original sentencing, defendant was held accountable for 114.64 grams of crack cocaine and 160 grams of cocaine resulting in a base level of 32. *Id.* at ¶ 13. In addition, defendant's offense level was increased by two levels because he possessed a firearm in connection with the drug distribution. *Id.* at ¶ 14. Defendant received a three-level reduction for acceptance of

responsibility resulting in a total offense level of 31. *Id.* at ¶¶ 16, 17. Defendant fell within a Criminal History Category of VI making his advisory Guideline Range 188 to 235 months. *Id.* at ¶ 79. Defendant was sentenced to a term of imprisonment of 200 months. DE 27 at p. 2.

Subsequently, effective March 3, 2008, the Guidelines applicable to crack cocaine offenses were reduced and applied retroactively. Defendant's base level was, therefore, reduced to level 30 from level 32, resulting in a total offense level of 29 with a custodial Guidelines range of 151 to 188 months. By Order to Show Cause dated March 24, 2008, the government was directed to show cause why the Court should not resentence defendant pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (as amended effective March 3, 2008). DE 35. Although the government acknowledged that defendant was eligible for resentencing at the Court's discretion, it opposed such resentencing. On September 20, 2008, however, the Court issued an Order reducing defendant's term of imprisonment from 200 months to 168 months. DE 48.

Defendant now moves for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's lowering of the offense levels pursuant to the Fair Sentencing Act of 2010. The Act changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under the penalties provision in 21 U.S.C. § 841(b).[1]

---

1. Title 21 U.S.C. § 841(a) of the statute provides that except as authorized by its subchapter, it shall be unlawful for any person knowingly or intentionally: "(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

**Discussion**

*Legal Standard*

Pursuant to 18 U.S.C. § 3582(c)(2), a court may not modify a term of imprisonment once it has been imposed except that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has identified the amendments which may be applied retroactively pursuant to § 3582(c)(2) as well as the proper procedure for implementing an amendment. The section applicable to this case, U.S.S.G. § 1B1.10(a), provides:

> (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation.--Consistent with subsection (b), proceedings under 18 U.S.C.

> 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

This version of § 1B1.10 became effective November 1, 2011 and is relied upon by defendant in making the instant motion.

The United States State Supreme Court addressed the procedure to apply a retroactive guideline amendment in *Dillon v. United States*, 130 S. Ct. 2683 (2010). "A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 130 S. Ct. at 2691. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* Section 1B1.10(b)(1) "requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692.

***Whether the Amendment Applies to Defendant***

As the government points out, the Sentencing Commission added part A of Amendment 750, which altered the offense levels in § 2D1.1 that apply to crack cocaine offenses, to § 1B1.10(c) as a retroactive amendment. Thus, the amendment applies to defendant's case and he

is eligible for a sentence reduction. Accordingly, the Court must first calculate defendant's sentence under the new Guidelines.

Under the new levels, defendant's base level should be 28 and not 30. After adding two levels for defendant's possession of a firearm in connection with his drug distribution activities and subtracting three levels for acceptance of responsibility, the total offense level should be 27. In conjunction with defendant's Criminal History Category VI, then, his new advisory guideline range is 130 to 162 months imprisonment.[2]

***Whether Defendant's Term of Imprisonment Should Be Reduced***

Having determined that defendant falls within the retroactive amendment, a court then considers the applicable § 3553(a) factors to determine whether a reduction in sentence is warranted. "Because the statute states that a district court *may* reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant to § 3582(c)(2)." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). *See United States v. Colon*, 961 F.2d 41, 45 (2d Cir. 1992) (citing § 3582(c)(2) and holding that Congress conferred explicit authority on the sentencing court to reduce a term of imprisonment when the Sentencing Commission subsequently lowers a guideline range); *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) ("Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).").

---

2. Both the government and defendant agree that the above is the proper amended Guideline range. Def. Mot. at p. 3; Gov. Opp. at p. 5.

In light of their discretion, many sentencing courts have declined to reduce terms of imprisonment based on the crack cocaine amendments. *See Borden*, 564 F.3d at 106 (no abuse of discretion in declining to reduce sentence where court found that factors in determining original sentence continued to warrant longer term of imprisonment); *United States v. Jackson*, No. 08 Cr. 1718, 2009 WL 1605119, at *1 (2d Cir. June 9, 2009) (no abuse of discretion when district court denied reduction in sentence based on defendant's disciplinary record in prison); *United States v. Gregory*, No. 96 Cr. 114, 2008 WL 5391938, at *1 (D. Conn. Dec. 23, 2008) (declining to reduce defendant's sentence based on his prior criminal record, behavior while incarcerated and the fact that his original sentence was at the top of the new Guidelines range).[3]

Upon the undersigned's consideration of the § 3553(a) factors, defendant was originally sentenced to 200 months from a guideline range of 188 to 235 months. PSR, 3d Addendum at p. 1. In 2008, defendant's sentence was reduced, despite the government's opposition, to 168 months. The defendant now seeks a further reduction based on the retroactive amendment which became effective November 2011.

Considering, however, the seriousness of defendant's offense, his possession of a firearm to further his criminal activities and his gang membership, the sentence as it currently stands is necessary to protect the public and to deter further criminal behavior. Furthermore, defendant's conduct since his arrest has been less than stellar. As pointed out in the third addendum to his presentence report, defendant was the subject of four disciplinary sanctions from March 2006 to March 2007, including two charges of possessing a homemade weapon, fighting with another

---

3. The government's comprehensive memorandum in opposition cites numerous examples of cases where sentencing courts declined to reduce sentences based on the crack cocaine amendments.

person and assault without serious injury.

Taking into account the foregoing along with the fact that Wilson's sentence was previously reduced by two years and eights months in September 2008 as well as the fact that his current 168 month sentence exceeds the top of the new guideline range by only six months, the undersigned declines to reduce defendant's sentence any further. Accordingly, his motion to modify his sentence pursuant 18 U.S.C § 3582(c)(2) is hereby **DENIED**.

**SO ORDERED**.

Dated: May 18, 2012
      Central Islip, New York

                                                /s/
                                Thomas C. Platt, U.S.D.J.