FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 21 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

JAMES WILSON,

                  Defendant.
------------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
04-CR-725 (SJF)

On February 22, 2005, defendant James Wilson ("defendant") pled guilty to count one (1) of a single count indictment charging him with distributing five (5) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On November 22, 2005, the Honorable Thomas C. Platt, United States District Judge, sentenced defendant, *inter alia*, to a term of imprisonment of two hundred (200) months, to be followed by a period of supervised release for five (5) years. By order dated September 30, 2008, Judge Platt reduced defendant's sentence pursuant to 18 U.S.C. §3582(c)(2) to a term of imprisonment of one hundred sixty-eight (168) months. Pending before the Court is defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, defendant's motion is denied.

I.    Background

Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentencing on November 22, 2005, defendant's base offense level was thirty-two (32). See 2D1.1(c)(4) (effective Nov. 1, 2004). Two (2) points were added to the base offense level for defendant's possession of a firearm in connection with his drug distribution

1

activities pursuant to Guideline 2D1.1(b)(1), but the adjusted offense level was reduced by three (3) levels based upon defendant's acceptance of responsibility pursuant to Guideline 3E1.1, thereby placing defendant at a total offense level of thirty-one (31) at the time of his sentencing. Since defendant's criminal history placed him in Criminal History Category VI, the advisory Guidelines range at that time was a term of imprisonment of between one hundred eighty-eight (188) to two hundred thirty-five (235) months. Judge Platt sentenced defendant to a term of imprisonment of two hundred (200) months.

Pursuant to Amendment 706 to the Guidelines, effective November 1, 2007, the United States Sentencing Commission ("the Sentencing Commission") reduced the base offense levels applicable to crack cocaine offenses under § 2D1.1 by two (2) levels. Amendment 713 to the Guidelines, effective March 3, 2008, authorized the retroactive application of Amendment 706 to individuals sentenced before its effective date. Accordingly, in March 2008, Judge Platt issued an order to show cause why defendant's sentence should not be *sua sponte* reduced pursuant to 18 U.S.C. § 3582(c)(2) since under Amendment 706, defendant's base offense level was reduced from thirty-two (32) to thirty (30). Applying the two (2)-point enhancement for defendant's possession of a firearm in connection with his drug distribution activities and the three (3)-point reduction for his acceptance of responsibility that were applied at the original sentencing, thus, resulted in a total offense level of twenty-nine (29). Given defendant's Criminal History Category of VI, the amended Guidelines range under Amendment 706 was a term of imprisonment of one hundred fifty-one (151) to one hundred eighty-eight (188) months. By order dated September 30, 2008, upon consideration of the parties' submissions on the motion to reduce defendant's sentence and the factors set forth in 18 U.S.C. § 3553(a) ("the § 3553

factors"), Judge Platt reduced defendant's sentence to a term of imprisonment of one hundred sixty-eight (168) months.

Pursuant to Amendment 750 to the Guidelines, effective November 1, 2011, the Sentencing Commission (a) implemented the Fair Sentencing Act of 2010 ("the FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010), by, *inter alia*, further reducing the base offense levels applicable to crack cocaine offenses set forth in Guideline § 2D1.1; and (b) authorized the amendment to apply retroactively. By order dated May 18, 2012, Judge Platt denied defendant's *pro se* motion seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), finding (a) that defendant was eligible for a sentence reduction under Amendment 750; (b) that Amendment 750 reduced defendant's base offense level from thirty (30) to twenty-eight (28), and resulted in a reduction of his total offense level from twenty-nine (29) to twenty-seven (27); (c) that given defendant's Criminal History Category VI, the amended Guidelines range under Amendment 750 was a term of imprisonment of one hundred thirty (130) to one hundred sixty-two (162) months; and (d) that a sentence reduction was not warranted because, *inter alia*, (i) defendant's current sentence of one hundred sixty-eight (168) months was "necessary to protect the public and to deter further criminal behavior[,]" considering "the seriousness of defendant's offense, his possession of a firearm to further his criminal activities and his gang membership," (Docket Entry ["DE"] , at 6), and (ii) "defendant's conduct since his arrest ha[d] been less than stellar." (Id.) On appeal, the United States Court of Appeals affirmed Judge Platt's May 18, 2012 order, U.S. v. Wilson, 716 F.3d 50 (2d Cir. 2013), holding, *inter alia*, that "the district court certainly had the discretion to conclude that a sentence of 168 months was as low as the circumstances warranted, even in light of the lower Guidelines range." Id. at 53.

Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence to a term of imprisonment of one hundred ten (110) months. The government does not dispute that defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), but contends that no reduction of defendant's sentence is warranted in this case.

II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> "The court may not modify a term of imprisonment once it has been imposed except that– * * * in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant * * *, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010); see also U.S. v. Johnson, 732 F.3d 109, 116 (2d Cir. 2013) (holding that a Section 3582(c)(2) proceeding is "neither a sentencing nor a resentencing.") Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," Dillon, 560 U.S. 817, 130 S. Ct. at 1391, the sentencing court is not "free to address * * * arguments regarding [other] errors at [the defendant's] original, now-final sentencing." U.S. v. Mock, 612 F.3d 133, 134-35 (2d Cir.

4

2010).

"The Supreme Court has set forth a 'two-step inquiry' for resolving motions pursuant to § 3582(c)(2) for a sentence reduction." U.S. v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (citing Dillon, 560 U.S. 817, 130 S. Ct. at 2683); accord U.S. v. Bethea, 735 F.3d 86, 87 (2d Cir. 2013). First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 * * * by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 560 U.S. 817, 130 S. Ct. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id.

At the second step of the Dillon inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. 817, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." Mock, 612 F.3d at 137. Moreover, in considering whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10, App. Note 1(B)(ii), and may also consider his or her conduct while in prison that occurred after sentencing. See U.S. v. Figueroa, 714 F.3d 757, 761 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10, App. Note 1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in

5

determining ... whether a reduction in the defendant's term of imprisonment is warranted...."));
Wilson, 716 F.3d at 53 (accord). Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." Freeman v. United States, 131 S. Ct. 2685, 2694, 180 L. Ed. 2d 519 (2011).

A.  Eligibility for a Sentence Reduction

As relevant here, Amendment 782 to the Guidelines, effective November 1, 2014, modified § 2D1.1(c) of the Guidelines by reducing the offense levels in the Drug Quantity Table by two (2) levels and, thereby, lowering the advisory Guidelines sentencing range for certain categories of drug-related offenses. Amendment 788 of the Guidelines, also effective November 1, 2014, authorized retroactive application of Amendment 782 to individuals sentenced before its effective date, such as defendant, provided that no incarcerated defendant was released prior to November 1, 2015. See U.S. v. Vargas, 74 F. Supp. 3d 601, 602 (S.D.N.Y. 2015). Pursuant to Amendment 788, subsection (e) was added to § 1B1.10(e) of the Guidelines, which provides that "[t]he Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

However, "[a] retroactive amendment to the Guidelines merely authorizes a reduction in sentence; it does not require one." Wilson, 716 F.3d at 52 (quotations and citation omitted); see also U.S. v. Rios, 765 F.3d 133, 137 (2d Cir. 2014), cert. denied by Bautista v. United States, — S. Ct. —, 2015 WL 2256183 (Oct. 5, 2015) (reviewing the district court's denial of a motion to reduce the defendant's sentence under § 3582(c)(2) for abuse of discretion). Moreover, a court's discretion to reduce a sentence under Section 3582(c)(2) is limited by the Sentencing

Commission's binding policy statement as set forth in § 1B1.10 of the Guidelines. See Freeman, 131 S. Ct. at 2693 ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") Section 1B1.10 of the Guidelines provides, in relevant part:

> "(a) Authority–
>
>> (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>>
>> (2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (d) is applicable to the defendant; or (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.
>>
>> (3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment.–
>
>> (1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.– (A) Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

\* \* \*

(e) Special Instruction.– (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Thus, pursuant to the Sentencing Commission's policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." Freeman, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

Under Amendment 782, defendant's base offense level is eligible for a reduction from twenty-eight (28) to twenty-six (26). Applying the two (2)-point enhancement for defendant's possession of a firearm and the three (3)-point reduction for defendant's acceptance of responsibility that were applied at defendant's original sentencing to the new base offense level under Amendment 782 reduces defendant's total offense level from twenty-seven (27) to twenty-five (25). Since defendant's criminal history placed him in Criminal History Category VI, the amended Guidelines range that would have been applicable to defendant had Amendment 782 been in effect at the time of his sentencing is a term of imprisonment of one hundred ten (110) to one hundred thirty-seven (137) months. Accordingly, defendant is eligible for a sentence

8

reduction under Section 3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced by as much as fifty-eight (58) months, i.e., to one hundred ten (110) months, the minimum amended Guidelines range, see U.S.S.G. 1B1.10(b)(2)(A), so long as the reduced term of imprisonment is not less than the term of imprisonment defendant has already served. See U.S.S.G. 1B1.10(b)(2)(C).

B. Whether a Reduction is Warranted

Judge Platt twice considered the applicable § 3553(a) factors and determined that a sentence of imprisonment of one hundred sixty-eight (168) months was appropriate, i.e., the first time in 2008 when he *sua sponte* reduced defendant's original sentence and again in 2012 when he denied defendant's motion for a further reduction of his sentence of imprisonment. Those factors, particularly defendant's criminal history and characteristics, and the need to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence and to protect the public from further crimes of the defendant, have not changed. Accordingly, upon, *inter alia*, (1) review of the PSR, the four (4) addenda to the PSR, the prior orders entered in this case and the parties' submissions on this motion; and (2) consideration of (a) the applicable factors under 18 U.S.C. § 3553(a), (b) the nature and seriousness of the danger posed by a reduction in defendant's term of imprisonment in light of, *inter alia*, his history of recidivism, his possession of a firearm in connection with his drug distribution activities and his continued affiliation with a gang, and (c) defendant's apparent disdain for, and inability to comply with, the

law, as reflected by his disciplinary history while incarcerated[1], I find that a reduction of defendant's sentence is not warranted under the circumstances of this case. Like Judge Platt, I find that the sentence of a term of imprisonment of one hundred sixty-eight (168) months is as low as the circumstances of this case warrant, particularly in light of the additional misconduct in which defendant engaged since Judge Platt's May 18, 2012 order and his continued affiliation with a gang. Accordingly, defendant's motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2) is denied.

III. Conclusion

For the reasons set forth above, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Court

Dated: October 21, 2015
Central Islip, New York

---

[1] The Fourth Addendum to the PSR indicates that defendant committed eight (8) disciplinary infractions during his incarceration since March 2006. At the time Judge Platt considered, and denied, defendant's first motion to reduce his sentence, there were six (6) disciplinary incidents on defendant's record, five (5) of which involved possession of a dangerous weapon and/or violence, i.e., fighting or assaulting another person. Defendant committed two (2) additional disciplinary infractions in the intervening time since Judge Platt's May 18, 2012 order, once on June 5, 2012 for communicating gang affiliation and most recently on May 15, 2014 for conducting a business without authorization.